James L. Davidson*
Florida Bar No. 723371
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561-826-5477
Fax: 561-961-5684
jdavidson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed classes*

\* to seek admission *pro hac vice*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vanessa Spencer, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Credence Resource Management, LLC,<br><br>Defendant.<br>_____ | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

1

## NATURE OF ACTION

1. This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq*., and Regulation E, 12 C.F.R. §1005.10(b) ("Regulation E"), promulgated by the Consumer Financial Protection Bureau ("CFPB"), for the benefit of Arizona consumers who have been the subject of debt collection efforts by Credence Resource Management, LLC ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the CFPB—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today.

4. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue." *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014).[1]

5. The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer those services.

6. The primary objective of the EFTA is the protection of individual consumers engaging in electronic fund transfers. Regulation E is the implementing regulation for the EFTA.

---

[1] https://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

2

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under to 15 U.S.C. § 1692k(d), 15 U.S.C. 1693m(g), and 28 U.S.C. § 1331.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Vanessa Spencer's ("Plaintiff") action occurred in this district, and where Defendant transacts business in this district.

**PARTIES**

9. Plaintiff is a natural person who, at all relevant times, resided in Maricopa County, Arizona.

10. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, ambulance services (the "Debt").

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1693a(6).

13. Defendant is a limited liability company with principal offices located in Dallas, Texas.

14. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly

collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. On or about March 10, 2017, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

19. The March 10, 2017 communication advised Plaintiff that she owed $1,503.32 to Rural Metro Corporation for ambulance services, and that the Debt had been placed with Defendant for collection.

20. In response to the March 10, 2017 communication, Plaintiff telephoned Defendant to pay the Debt.

21. During that call, which occurred around early April 2017, Plaintiff agreed orally with Defendant that she would make a one-time payment of approximately $100 on the Debt, and that she would thereafter make six monthly recurring payments of approximately $196 each from her BMO Harris checking account through her debit card, and in addition pay a $5 card fee for each debit (the "EFT Agreement").

22. Defendant informed Plaintiff that if she wanted to make recurring payments using her debit card, she would have to pay the $5 card fee for each debit.

23. Plaintiff's BMO Harris checking account was established primarily for personal, family, or household purposes, and thus is an "account" as defined by 15 U.S.C. § 1693a(2).

24. Thereafter, on or about April 6, 2017, Defendant debited $105 from Plaintiff's BMO Harris account, and then on approximately May 17, 2017, June 19, 2017, July 19, 2017, August 17, 2017, September 18, 2017 and October 19, 2017, Defendant debited approximately $201 ($196 plus the $5 card fee) from Plaintiff's BMO Harris account.

25. Upon information and belief, the contract that created the Debt, if one exists, did not provide for the collection of the $5 card fee, and the $5 card fee is not otherwise permitted by law.

26. Plaintiff paid approximately at least $30 in card fees to Defendant.

27. Upon information and belief, the card fee was not collected by a third-party, but was paid directly to Defendant.

28. Defendant did not provide Plaintiff with a copy of any document which Plaintiff signed authorizing the EFT Agreement or the preauthorized electronic fund transfers.

29. Upon information and belief, Defendant charges a $5 card fee to Arizona consumers who make electronic recurring payments to Defendant.

30. Upon information and belief, Defendant debits the accounts of numerous other consumers throughout Arizona on a recurring basis, without providing a copy of its authorization to do so to those consumers.

## CLASS ALLEGATIONS

31. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of two class defined as:

### The FDCPA Class

All persons (a) with an Arizona address, (b) from whom Credence Resource Management LLC charged a $5 fee for a debit or credit card transaction, (c) in connection with the collection of a consumer debt, (d) within the year preceding this complaint through the date of class certification.

### The EFTA Class

All persons (a) with an Arizona address, (b) who, within one year preceding this complaint through the date of class certification, (c) entered into an oral agreement with Credence Resource Management LLC regarding the electronic transfer of funds from the person's checking or savings account on a recurring basis (d) where Credence Resource Management LLC did not provide to the person a written copy of the agreement authorizing the preauthorized electronic fund transfers (e) within five days after the agreement was made.

32. Excluded from the Classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

33. The proposed classes satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

34. The exact number of the members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

35. The proposed classes are ascertainable because they are defined by reference to objective criteria.

36. In addition, upon information and belief, the names and addresses of all members of the proposed classes can be identified in business records maintained by Defendant.

37. The proposed classes satisfy Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the classes.

38. To be sure, Plaintiff's claims and those of the members of the classes originate from the same standardized conduct utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed classes.

39. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

40. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

41. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

6

42. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

43. There will be little to no difficulty in the management of this action as a class action.

44. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

45. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. Whether Defendant is a debt collector as defined by the FDCPA;

   c. Defendant's charging of a card fee for recurring payments;

   d. Defendant's violations of the EFTA as alleged herein;

   e. Defendant's failure to provide written copies of preauthorized electronic fund transfer authorizations to consumers;

   f. The availability of statutory penalties; and

   g. The availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692f(1)

46. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 45.

47. The FDCPA at 15 U.S.C. § 1692f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

7

48. The $5 card fee that Defendant charged Plaintiff was not expressly authorized by the agreement creating the Debt or permitted by law. *See, e.g.*, *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp.2d 434 (E.D.N.Y. 2014) (plaintiff stated a claim under § 1692f(1) for $5.00 credit card processing fee).

49. As a result, Defendant violated 15 U.S.C. § 1692f(1).

50. Plaintiff paid the $5 card fee to Defendant on at least six occasions.

51. The harm suffered by Plaintiff is particularized in that the violative conduct at issue was directed to her personally and regarded her personal alleged debt.

52. Likewise, Defendant's actions created a concrete harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to pay money they do not owe.

53. In addition, Defendant collected monies from Plaintiff by way of the card fee that it was not entitled to collect.

**COUNT II: VIOLATION OF THE EFTA, 15 U.S.C. § 1693e(a) AND REGULATION E, 12 C.F.R. § 1005.10(b)**

54. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 45.

55. 15 U.S.C. § 1693e(a) provides, in pertinent part:

A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, *and a copy of such authorization shall be provided to the consumer when made.*

(emphasis added).

56. 12 C.F.R. § 1005.10(b) provides, in pertinent part:

Written authorization for preauthorized transfers from consumer's account. Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. *The person that obtains the authorization shall provide a copy to the consumer*.

(emphasis added).

8

57. The Official Staff Interpretations to the EFTA, at 12 C.F.R. Pt. 1005.10(b), Supp. I, provide, in pertinent part:

> 2. Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; *rather, it is the third-party payee that is in violation of the regulation.*

(emphasis added).

58. Defendant never provided Plaintiff with a copy of the EFT Agreement or a copy of any authorization of the EFT Agreement.

59. Specifically, Defendant failed to provide to Plaintiff in writing the total amount of the payments to be made to Defendant, the recurring schedule of the payments, or information regarding how to cancel or change the recurring payment arrangement. *See* CFPB Compliance Bulletin 2015–06 ("In at least one examination, CFPB examiners observed that one or more companies provided consumers a notice of terms for preauthorized EFTs from a consumer's account. Supervision determined that these notices of terms did not satisfy Regulation E, because the notices did not disclose important authorization terms such as the recurring nature of the preauthorized EFTs, or the amount and timing of all the payments to which the consumer agreed.").[2]

60. As a result, Defendant violated 15 U.S.C. § 1693e and 12 C.F.R. § 205.10(b).

61. The harm suffered by Plaintiff is particularized in that the violative conduct at issue was directed to her personally, and regarded her personal alleged debt.

62. Likewise, Defendant's actions created a concrete harm in that Defendant failed to provide Plaintiff with information that Congress found to be important. *See, e.g.*, *Kemply v. Cashcall, Inc.*, Case No. 08-cv-03174-MEJ, 2016 WL 1055251, at *6 (N.D. Cal. Mar. 16, 2016) ("Congress accordingly recognized at the time that '[m]ost

---

[2] http://files.consumerfinance.gov/f/201511_cfpb_compliance-bulletin-2015-06-requirements-for-consumer-authorizations-for-preauthorized-electronic-fund-transfers.pdf (last accessed November 2, 2017).

9

consumers are not aware of the risks they run in using EFT services.'") (quoting 124 Cong. Rec. 25,731 (1978), RJN, Dkt. No. 289-4 at 1).

63. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right created the risk of real harm.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692f(1), 15 U.S.C. § 1693e, and 12 C.F.R. § 205.10(b);

C. Awarding Plaintiff and members of the FDCPA class statutory and actual damages pursuant to 15 U.S.C. § 1692k;

D. Awarding Plaintiff and members of the EFTA class statutory damages pursuant to 15 U.S.C. § 1693m;

E. Awarding Plaintiff and members of both classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k, 15 U.S.C. § 1693m, and Rule 23 of the Federal Rules of Civil Procedure;

F. Awarding Plaintiff and members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 22nd day of November, 2017.

By: *s/ James L. Davidson*
James L. Davidson\*

\*to seek admission *pro hac vice*